Harper J.
delivered the opinion of the Court.
The question is, whether the stipulations on the part of the plaintiff to hire his slaves to the defendants at the rate of sixteen dollars per month, and to permit him to carry his crop of cotton of 1823 to market, at the freight of $2, 50 cts. per bale, and on the part of the defendants, to pay the hire of the slaves by carrying to market the plaintiff’s crop at the rate specified, were dependent stipulations, constituting a condition precedent, of which the plaintiff must aver complete performance on his part before he can maintain his action; or whether they are to be construed independent contracts, for the breach of which the remedy of either party is by action for the damage he has sustained. What shall be considered dependent or independent covenants or stipulations, has been frequently matter of dispute, and some of the older cases turned on very refined distinctions. The cases and doctrine are very fully and ably collected and commented on by Serjeant Williams in his note to 1 Saund. 320, n. 4. The present case seems to come expressly within the third class of cases which he enumerates. “ Where a covenant goes only to a part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration.”
So Lord Mansfield in Boone v. Eyre, cited 6 T. R. 573. “ The distinction is clear, where mutual covenants go to the whole of the consideration, on both sides they are mutual conditions : but where the covenants go only to a part, and where a *84 recompense may be had in damages, it is a different thing.” In this case the covenants do not go to the whole of the consideration on both sides. If the contract proven had been, that in consideration, the plaintiff would let the defendants have the use of- his slaves for a certain specified time, say four months, the defendants would carry his next crop of cotton to market, whether more or less, the stipulations would have gone to the whole of the considerations on both sides, and they would have been mutual conditions. One thing would have been exactly an equivalent for the other. But the time for which the negroes were to be hired was uncertain, and consequently it was uncertain to how much their hire would amount, at sixteen dollars per month. And if this had been certain, it was perfectly uncertain how many bales of cotton the plaintiff’s crop of 1823, would consist of, and consequently to how much the freight would amount at $2, 50 cts. per bale. Unless there had happened an extraordinary coincidence, not to be intended or expected, it is certain that if every thing had been done that was stipulated to be done on both sides, there would still have been a right of action on one side for hire, or on the other side for freight. If the crop of cotton had failed altogether, it is not disputed that the hire must have been paid in money.
It is plain then that the stipulations do not extend to the whole consideration on both sides, and it forms the precise case in which they are to be considered independent. A difficulty was experienced in the case from the ambiguous use of the term payment. Payment in contemplation, of law is one thing entire and complete, extinguishing the precedent demand. But it was not in this sense that the defendants were to transport the plaintiff’s cotton inpayment of the hire of the slaves. The freight might amount to more or less than the hire. It was rather on account of, or towards the satisfaction of the demand for hire, that the cotton was to be carried. Serjeant Williams cites the case of Boone v. Eyre, 1 Hy. Bl. 273. note a. in which A. conveyed to B. a plantation and negroes, and covenanted that he had a good title, and B. should quietly enjoy, and B. covenanted that A. well and truly performing all and every thing on his part to he performed, he would pay an annuity. In an action on the covenant for the annuity, B. pleaded that A. had not a good title to the negroes. A demurrer to the plea was sustained, and it *85 was added that if such plea were allowed, any one negro not being the property of A. would bar the action. It was said further, that as A. had in fact performed his part of the covenant it would be unreasonable that B. should keep the plantation, and yet refuse payment: Besides the damages sustained by the parties would be unequal. These were therefore construed independent covenants, though the terms strongly indicate the contrary.
The same unreasonable consequences would follow in this case, if we are to consider these as conditions. If plaintiff had permitted the defendaiits to carry all the crop but a single bale, he would have no right to recover any balance of him that might remain. The plaintiff has in part performed his contract and defendants have received the benefit of it. The damages would be unequal. The plaintiff has lost the services of his slaves altogether, and it may be that the damage sustained by defendants was trifling. In the case of Campbell v. Jones, 6 T. R. 570. Though the covenants were decided to be independent on the terms of them, yet it was also held, that where the plaintiff had performed in part, and defendant had received part of the consideration, the covenants shall be construed independent, and the defendants’ recourse is for the damages on account of the plaintiff’s breach. There was nothing to prevent the present defendants’ bringing an action on the plaintiff’s breach of contract in relation to the cotton, or his setting off the damages in the present action. By this means a jury will be enabled to do full justice between the parties.
What I most doubt is, not whether these should be considered independent stipulations of the same contract; but whether they ought not to be regarded as distinct and independent contracts.
The motion is therefore granted.
Johnson J. concurred.